CASE 31—PETITION ORDINARY—JUNE 5.

# Commonwealth for Peters vs. Bosley, &c.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

1. A sheriff failed to collect or return, as required by law, an execution against the administrator of an estate in favor of a receiver appointed by the court to receive and pay the same over to designated creditors of the estate. In the meantime the administrator paid off some of the claims of these creditors. These payments being a partial extinguishment of the liability of the administrator, they might be plead by the sheriff as an equitable defense *pro tanto* in an action by the receiver against him and his sureties to make him liable for the debt and damages for his failure to collect and return within thirty days; but a note held by the administrator on a third party, who was one of the creditors of the estate, could not be plead as an offset, and more especially so, as this third party was deceased.

2. In an ordinary action, under section 10 of the Civil Code, any defendant has the right to demand the trial of issues which are purely equitable.

3. *Motions only*, and not suits, to recover damages against officers under article 18, chapter 36, Revised Statutes, are barred by two years (*Chamberlin & Tapp vs. Brewer*, 3 *Bush*, 568); but—

4. The fourth section of article 18, chapter 36, of the Revised Statutes, by act of August 28, 1862 (*Myers' Supplement*, 213), is so far modified that no damages can be recovered when the sheriff has paid the plaintiff; or when he has made a partial payment, damages can be recovered only on the remainder, and a fine of from ten to one hundred dollars is substituted in lieu of such damages.

5. Decretal orders, as well as judgments, draw interest from their date, by virtue of section 6, chapter 52, Revised Statutes, 2 Stanton, 65.

BROWN & KAVANAUGH and
W. B. HARRISON,                                    For Appellant,

CITED—

2 *Met.*, 428 ; 3 *B. Monroe*, 471.
*Revised Statutes*, 1 *Stant.*, pp. 493, 494.

Commonwealth for Peters vs. Bosley, &c.

7 *J. J. Mar.*, 624; *Carlisle vs. Carlisle.*
6 *Mon.*, 27; *Pepper vs. Commonwealth.*
9 *B. Mon.*, 35; *Gearheart vs. Tharp.*
2 *Met.*, 500; *Board vs. Helm.*

HAYS,                                            For Appellees.
[Brief not in record.]

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

E. D. Askins was the administrator of T. C. Farris, deceased, and in a suit to settle his estate a large class of creditors were reported. R. S. Peters was appointed receiver, and Askins, the administrator, was ordered, November 21, 1863, to pay over to said receiver one thousand five hundred and ninety-six dollars and fifty-seven cents, which he failed to do, and February 26, 1864, the clerk issued an execution thereon, with interest from November 17, 1863, being four days anterior to the decretal order, and which does not direct interest at all. This execution having gone into the hands of the sheriff, was not returned until long after thirty days subsequent to the return day.

Peters brought this suit January 11, 1868, some four years thereafter, seeking to hold the sheriff and his securities liable for the debt, with thirty per cent. damages thereon. The sheriff presented several causes of defense; but only such as are material will be noticed. One, to which a demurrer was sustained and exceptions taken, sets out that Askins had paid off certain specified creditors of the Farris estate, and for whose benefit in part said money was directed to be collected. This was certainly an equitable defense, as Askins would have been entitled *pro tanto* to an injunction against the collection of the judgment; for a payment to the bene-

ficiaries was so far an extinguishment of the judgment and execution; as there could certainly be no sound reason why the money should be coerced out of him by the officer, at costs and inconvenience, to again be returned to him.

Besides, by section 10, Civil Code, any defendant has the right, in any ordinary proceeding, to demand the trial of issues which are exclusively equitable. Whatever, therefore, may have been the effect as to the question of damages, there can be no doubt but that the sheriff had a right to present these receipts of Askins as an extinguishment of that much of the principal of the debt, as it was in reality such an extinguishment, and the judgment must be reversed on the cross-appeal for this error. The offset as to Miller's note was properly disallowed, although Miller was a creditor of Farris's estate; yet Askins could not purchase his note, and plead it as an offset, and more especially as against his administrator, for the debts are not due in the same rights. Miller had a claim on Farris. Askins *could not* set off a debt due himself against this, especially could the sheriff not do so on a debt due the receiver, and that, too, after Miller's death.

The question raised on the original appeal is as to the right, after such a lapse of time, to recover the thirty per cent. damages for not returning the execution within thirty days after the return day.

In *Chamberlin & Tapp vs. Brewer, &c.* (3 *Bush*, 568), this court held, that by article 18, chapter 36, 1 Stanton's Revised Statutes, motions only, and not suits to recover the damages against officers under said article, are barred by two years. But by an amendment to section 4 of this article, of August 28, 1862 (*Myers' Supplement*, 213), said article is so far modified as that no damages can be recovered when the sheriff has paid the plaintiff; or when

he has made a partial payment only, damages can be recovered on the remainder, and a fine of from ten to one hundred dollars substituted in lieu of such damages.

Under this latter act only damages can be recovered on such sum as remains after allowing the sheriff the equitable payments made by Askins. And for this error the judgment must be reversed on the original appeal.

On a return of the cause, the court is directed to overrule the demurrer to paragraph No. 4 of the answer, and to allow the sheriff such credits on said executions as Askins may have paid to the creditors of Farris, and which he has transferred the benefit thereof to the sheriff, and to disallow any damages on this amount; but as to the residue of said execution, after correcting it as to the interest for four days, he will allow damages, if the jury shall find that any portion of it could have been made, as well as the principal of the execution not extinguished by Askins' payment to the beneficiaries.

The decretal order as well as judgment draws interest from its date, by virtue of section 6, chapter 53, 2 Stanton's Revised Statutes, 65. The exceptions therein are to certain judgments, and not to a decree which is made to bear interest without exceptions. Wherefore, the judgment is reversed upon the original and cross-appeal, with directions for further proceedings as herein indicated.

Judge HARDIN did not sit in this case.